```
           IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF HAWAII

THOMAS J. EPPERSON,           )   CIVIL NO. 09-00494 ACK-BMK
                              )
                              )
            Petitioner,       )
                              )   ORDER DISMISSING PETITION
       vs.                    )
                              )
STATE OF HAWAII,              )
                              )
            Respondent.       )
_____)
```

## ORDER DISMISSING PETITION

On October 16, 2009, pro se Petitioner Thomas J. Epperson, a Hawaii state prisoner currently incarcerated in Arizona, filed this petition for writ of habeas corpus. Epperson invokes jurisdiction under "L 1892 Chapter 57 Section 5, Common Law of the Hawaiian Islands," and "L 1892 Chapter 57 section 37 (eig[h]th)." (Pet. 1-2.) Epperson apparently argues that he is not subject to arrest, trial, or imprisonment by the State of Hawaii because he is a citizen of the United States, does not recognize the State of Hawaii's authority, and is exercising his rights under the laws of the Kingdom of Hawaii. Epperson gives no other details regarding his current incarceration or sentence.

### I. LEGAL STANDARD

A federal court may deny a habeas petition on the merits, before requiring Respondent to file an answer, "when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 621

(9th Cir. 2005); *see also* Rule 4, of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").[1/]

## II. **DISCUSSION**

Hawaii was admitted to the Union in 1959, and it is clearly now one of the United States of America.  *See* Hawaii Statehood Admissions Act, Pub. L. No. 86-3, 73 Stat. 4 (1959). Neither the Territory of Hawaii nor the Kingdom of Hawaii is currently recognized by the federal government; nor are those claiming citizenship of either non-existent entity entitled to any privileges or immunities by virtue of this putative citizenship.  *See United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) (holding that the Hawaii district court has jurisdiction over Hawaii residents claiming they are citizens of the Sovereign Kingdom of Hawaii); *Wang Foong v. United States*, 69 F.2d 681, 682 (9th Cir. 1934); *see also Naehu v. Hawaii*, Civil No. 01-00579 SOM, slip op. (D. Haw. Sept. 6, 2001) (holding that

---

[1/]Rule 1(b) of the Rules Governing Section 2254 Cases provides that "[i]n applications for habeas corpus in cases not covered by subdivision (a), these rules may be applied at the discretion of the United States district court."  Subsection 1(a) applies to habeas petitions filed under § 2254.  The Court therefore applies the Rules Governing Section 2254 Cases to Epperson's habeas corpus action.

Hawaii traffic laws apply to persons claiming to be members of the Kingdom of Hawaii); *Dukelow v. Hawaii*, Civ. No. 98-00047 ACK, slip op. (D. Haw. Aug. 5, 1998) (finding *Rooker-Feldman* doctrine barred plaintiff's complaint claiming Hawaii's traffic laws do not apply to him because he is neither a United States citizen nor a citizen of the State of Hawaii).

The Hawaii state courts have reached the same conclusion, rejecting claims premised on the putatative sovereignty of the laws of the Territory or Kingdom of Hawaii, finding that the Kingdom of Hawaii is no longer recognized as a sovereign state by either the federal government or by the State of Hawaii.  *See State v. Lorenzo*, 77 Haw. 219, 221, 883 P.2d 641, 643 (Haw. App. 1994); *accord State v. French*, 77 Haw. 222, 228, 883 P.2d 644, 649 (Haw. App. 1994) ("presently there is no factual (or legal) basis for concluding that the [Hawaiian] Kingdom exists as a state in accordance with recognized attributes of a state's sovereign nature") (quotations omitted).

As the Intermediate Court of Appeals for the State of Hawaii aptly stated, "Whatever may be said regarding the lawfulness of the Provisional Government in 1893, the Republic of Hawai'i in 1894, and the Territory of Hawai'i in 1898, the State of Hawai'i was, . . . , and is now, a lawful government."  *State v Fergerstrom*, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (Haw. App. 2004); *see also Nishitani v. Baker*, 82 Haw. 281, 289, 921 P.2d

1182, 1190 (Haw. App. 1996) (finding that the laws of the State of Hawaii apply to those claiming to be native Hawaiians).

Epperson's Petition is patently frivolous, fails to state a claim on which relief may be granted, and does not raise even a colorable federal claim.  The Petition is DISMISSED with prejudice as frivolous and for failure to state a claim.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, October 27, 2009.



_____
Alan C. Kay
Sr. United States District Judge

*Epperson v. Hawaii,* Civ. No. 09-00494 ACK; Order Dismissing Petition; pro se attys/ Habeas/DMP/2009/Epperson 09-494 ACK (dsm friv.)